DJW/bh

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**EMAJO MAYBERRY, et al.,**

              **Plaintiffs,**

                                      **CIVIL ACTION**

**v.**

                                      **No. 06-2575-CM-DJW**

**ENVIRONMENTAL PROTECTION AGENCY,**
Stephen L. Johnson, Administrator,

              **Defendant.**

## MEMORANDUM AND ORDER

Pending before the Court is Defendant's Motion to Stay (doc. 33). Defendant seeks a stay of discovery and the requirements imposed by Rule 26, including disclosures, pending a ruling on Defendant's Motion to Dismiss.

In its Motion to Dismiss (doc. 26), Defendant seeks dismissal of Plaintiffs' Title VII and Age Discrimination in Employment Act ("ADEA") claims based on lack of subject matter jurisdiction due to Plaintiffs' alleged failure to exhaust their administrative remedies. Defendant argues in its Motion to Stay that it should not have to invest the substantial resources that will be required to meet its discovery obligations in the event the Motion to Dismiss is ultimately granted. Defendant also argues that a stay is reasonable because even if the Motion to Dismiss is not granted based on the asserted failure to exhaust, Plaintiff's ADEA claims are barred by sovereign immunity, an issue that Defendant contends will likely be decided by the Supreme Court this term. Plaintiff, on the other hand, argues that a stay is warranted only in extreme circumstances, and that no such circumstances exist in this case.

It is well settled that the decision to stay discovery is firmly vested in the sound discretion of the trial court.[1]  As a general rule, discovery is not stayed in this District based merely on the pendency of dispositive motions.[2]  This Court, however, in its discretion, may decide to stay discovery where:  (1) the case is likely to be finally concluded via a dispositive motion; (2) the facts sought through discovery would not affect the resolution of the dispositive motion; or (3) discovery on all issues posed by the complaint would be wasteful and burdensome.[3]

Upon careful review of the record as it currently stands, the Court concludes that a stay of discovery and all pretrial proceedings is warranted until the Court resolves Defendant's Motion to Dismiss.  The Court finds that such a stay would strike a balance between conserving resources and providing Plaintiff access to the courts.  Accordingly, all pretrial proceedings, including discovery and the service of disclosures, are hereby stayed pending a ruling on Defendant's Motion to Dismiss.  Furthermore, the current Scheduling Order (doc. 36) is vacated and the February 19, 2007 telephone conference regarding alternative dispute resolution issues (*see* doc. 40) is cancelled.  A revised Scheduling Order will be entered in the event Defendant's Motion to Dismiss is not granted.

---

[1] *See Clinton v. Jones*, 520 U.S. 681, 706-07 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket.") (citing *Landis v. North Am.* Co., 299 U.S. 248, 254 (1936)).  *See also McCoy v.* U.S., No. 07-2087-CM, 2007 WL 2071770, at *2 (D. Kan. July 16, 2007) ("Generally, the decision to stay discovery rests within the discretion of the trial court.") (citing *Wolf v. U.S.*, 157 F.R.D. 494, 494 (D. Kan. 1983)).

[2] *Yeahquo v. City of Lawrence*, No. 07-4097-RDR, 2007 WL 3046538, at *1 (D. Kan. Oct. 17, 2007); *Semsroth v. City of Wichita*, No. 06-2376-KHV-DJW, 2007 WL 2287814, at *1 (D. Kan. Aug. 7, 2007); *Kutilek v. Gannon*, 132 F.R.D. 296, 297 (D. Kan. 1990).

[3] *Semsroth*, 2007 WL 2287814, at *1; *Kutilek*, 132 F.R.D. at 297-98.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Stay (doc. 33) is granted, and all pretrial proceedings, including discovery and the service of Rule 26 disclosures, are stayed pending resolution of Defendant's Motion to Dismiss (doc. 26).

**IT IS FURTHER ORDERED** that the Scheduling Order (doc. 36) is vacated, and all settings and deadlines contained therein are suspended.

**IT IS FURTHER ORDERED** that the February 19, 2007 telephone conference to discuss mediation issues is cancelled.

IT IS SO ORDERED.

Dated in Kansas City, Kansas on this 9th day of January 2008.

s/ David J. Waxse  
David J. Waxse  
U.S. Magistrate Judge

cc:   All counsel and *pro se* parties