IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

EMAJO MAYBERRY and    )
CAROL A. CLOPTON,    )
        Plaintiffs,    )
            )
        v.    )    Case No. 06-CV-2575-CM-DJW
            )
STEPHEN L. JOHNSON,    )
ADMINISTRATOR OF    )
ENVIRONMENTAL PROTECTION    )
AGENCY    )
        Defendant.    )

## STIPULATED PROTECTIVE ORDER

        The parties inform the court that they anticipate that plaintiffs will seek personal information about current and former employees of the United States Environmental Protection Agency (EPA), the disclosure of which, without a court order, would otherwise be prohibited by the provisions of the Privacy Act of 1974, as amended, 5 U.S.C. § 552a. The parties further inform the court that the parties may need to disclose such information to non-parties.  The parties also inform the court that they anticipate that defendant will seek information concerning each plaintiff's health, the disclosure of which, without a court order, would otherwise be prohibited by the provisions of the Health Insurance Portability and Accountability Act of 1996 (HIPAA) and its implementing regulations, 45 C. F. R. §§ 164.102 - 164.534.   The parties further inform the court that the parties may need to disclose such personal health information to non-parties.

        The parties inform the court that they agree and stipulate that a Protective Order is necessary in order to protect the privacy of the plaintiffs, to protect the privacy of the current and former employees of the EPA against unreasonable and unprotected disclosure of information pertaining

to them and to permit the parties to disclose and to receive such information without violating the law.

The Court finds that the parties have shown good cause for the entry of this Protective Order. The Court hereby finds and orders pursuant to 5 U.S.C. § 552a(b)(11) and Rule 26(c) of the Federal Rules of Civil Procedure, that disclosure and discovery of private protected health information about the plaintiffs, disclosure and discovery of personal information about current and former employees of EPA contained within their personnel files and disclosure may be had subject to the following limitations:

1.      The parties may seek to discover information about other current and former employees of the defendant in an effort to prove or disprove each plaintiff's allegations of discrimination and harassment based on race and/or age, as well as to prove or disprove each plaintiff's allegations of retaliation, and may need to disclose such information to non-parties for this purpose.  Some of the information to be disclosed, or which may be sought by the parties may include the personnel files of  current or former employees of the defendant, or portions of such files; these documents are contained within a system of records and the defendant asserts that these files and documents are protected by the Privacy Act of 1974, as amended, 5 U.S.C. § 552a. Pursuant to agreement of the parties, the defendant shall disclose and/or produce the relevant information contained  in the personnel files of  current and former employees of the defendant if the files are formally requested by any party or if they are required to be disclosed under Rule 26(a)(1).  The personnel files of current or former employees of the defendant are confidential and are subject to the provisions of this Protective Order.  Prior to production, the defendant shall  mark the personnel files of defendant's current or former employees as confidential.  Furthermore, and

2

in order to further protect the privacy of the defendant's current or former employees, prior to production, the defendant shall be allowed, but shall not be required, to redact from the marked confidential documents produced from defendant's current and former employees' personnel files certain personal information about the employees, including (1) the employees' social security numbers, (2) dates of birth, (3) names of spouses and children, (4) home addresses, (5) home telephone numbers, (6) any health insurance or life insurance benefit election forms, (7) any designation of beneficiary forms, (8) any forms reflecting the employees' participation in a 401K or similar plan such as the Thrift Savings Plan, (9) any forms containing private protected information about an employee's health (other than the plaintiff's), and (10) any IRS Form W-4 for the employees.   Any information set forth above as items 1-10 which is contained in any of the defendant's current or former employees' personnel files marked as confidential is confidential whether it is redacted or not redacted.

2.   The defendant may seek to discover private protected health information about each plaintiff in an effort to defend against each plaintiff's claim for damages, and may need to disclose such information to non-parties for this purpose.   The plaintiffs assert that such information is protected by the Health Insurance Portability and Accountability Act.   Pursuant to agreement by the parties, each plaintiff's private protected health information shall be produced to the defendant if the defendant makes a formal request for such information, or if such information is required to be disclosed under Rule 26(a)(1), and defendant may disclose each plaintiff's private protected health information to non-parties for the sole purpose of defending against each plaintiff's claim for damages. Each plaintiff's private protected health information, which includes any medical record

3

of each plaintiff, is confidential and is subject to the provisions of this Protective Order.  Prior to

production, each plaintiff shall mark her private protected health information as confidential.

     3.  As noted in paragraphs 1 and 2 above,  the personnel files of current or former employees

of the defendant and the private protected health information of each plaintiff shall be marked as

confidential by the party producing those documents.  The documents will be marked by clearly

stamping or otherwise marking the word "Confidential" on all pages (unless such a mark would

impair the legibility of the document, in which case the stamp or mark should appear on the first

available page of the document where legibility would not be impaired).  In the instance in which

electronically stored information is produced on a compact disk or by email, the disk or email shall

indicate that the information contained within the disk or email is designated as "Confidential."

     4.  Whenever the defendant marks any document contained within the personnel files of a

current or former employee of the defendant as confidential, or whenever a plaintiff marks any

document containing  the private protected health information of a plaintiff as confidential, if the

party to whom the document is produced has an objection as to the designation of a document as

"confidential," that party shall have twenty (20) days after receiving the document to send a written

objection to the other party.  If the parties are unable to reach agreement after personal consultation,

the objecting party may, after complying with the local rules of the court concerning discovery

disputes, present a motion to the Court to strike or modify the treatment of the document as

"confidential."  The document in question shall continue to have the benefit of "confidential" status

until further order of the Court.

     5.  The parties and their attorneys shall not disclose any of the files or documents protected

by this Protective Order or any information contained in them to any other person unless the

4

disclosure is reasonably and in good faith calculated to aid in the preparation or in the prosecution or defense of this case.  The parties and their attorneys shall, prior to such disclosure, present any person to whom disclosure is made with a copy of this Protective Order, and shall have them execute and sign the agreement which is attached to this Protective Order.

6.   The sole purposes for which any files and documents pertaining to each plaintiff's private protected health information or any information disclosed from the personnel files of any current or former employees of the defendant shall be used by the parties, their attorneys, or any person to whom disclosure is made pursuant to paragraph 5 of this order, are the preparation, prosecution, or defense of this litigation.  If a party wishes to use any confidential information in any affidavits, briefs, memorandum of law, oral argument, or other papers filed in this court in this litigation, such papers or transcript may be filed under seal only upon separate, specific motion and later order of the court.[1]   Documents which contained confidential information that has been redacted do not need to be filed under seal.

7.   Upon conclusion of this action, including appeals, all copies of files and documents which have been produced to the parties and/or their attorneys pursuant to this Protective Order, as well as all notes, memoranda, summaries, or other documents containing information from the disclosed documents which were made by the parties shall be returned by the respective parties and/or their attorneys to opposing counsel, or shall be destroyed by the parties and/or their attorneys within a reasonable period, not to exceed 90 days after the last appeal is final.  If the parties or their attorneys attorney choose to destroy such files and/or documents, the parties and/or their attorneys

---

[1]  *See Holland v. GMAC Mortgage Corp.*, No. 03-2666, 2004 WL 1534179, at *1-2 (D. Kan. June 30, 2004) (citations omitted).

shall certify in writing to opposing counsel that all such files and/or documents have been destroyed, the method of destruction, and who destroyed them.

8. Nothing in this Protective Order constitutes any decision by the Court concerning the application of the Privacy Act or of the Health Insurance Portability and Accountability Act concerning discovery disputes, or concerning the admission into evidence of any specific document, nor does anything in this Protective Order constitute any decision concerning liability for payment of any costs or production or reproduction of documents, nor does this Protective Order constitute a waiver by the parties of any right to object to discovery or admission into evidence of any document or record subject to this Protective Order.

9. Consistent with the Protective Order guidelines posted on the court's website, the court's jurisdiction to enforce the provisions of this protective order shall be terminated upon the final disposition of this case, unless and until a party seeks leave to reopen the case to enforce the provisions of this protective order.

IT IS SO ORDERED THIS 9th day of January, 2008, at Kansas City, Kansas.

s/ David J. Waxse
David J. Waxse
U.S. Magistrate Judge

Submitted jointly by:

    Respectfully submitted,
    <u>s/Steven M. Spiegel</u>
    STEVEN M. SPIEGEL, D.C. Bar # 386709
    3917 Keller Avenue
    Alexandria, VA 22302-1817
    Phone 703-998-6780; Fax 703-998-7612
    E-mail SSpiegelEsq@verizon.net

    FOLAND, WICKENS, EISFELDER,
    ROPER & HOFER, P.C.

    <u>s/David W. White</u>
    David W. White, KS #14506
    Wendee Elliott-Clement KS #20523
    911 Main Street, Suite 3000
    Kansas City, MO  64105
    Phone:  (816) 472-7474
    Fax:     (816) 472-6262
    E-mail dwhite@fwpclaw.com
          welliott@fwpclaw.com

    Counsel for Plaintiffs

    <u>s/Andrea Taylor</u>
    Andrea L. Taylor
    Assistant United States Attorney
    500 State Avenue, Suite 360
    Kansas City, Kansas 66101
    Andrea.Taylor@usdoj.gov

    <u>s/Christopher Allman</u>
    Christopher Allman
    Assistant United States Attorney
    500 State Avenue, Suite 360
    Kansas City, Kansas 66101
    Christopher.Allman@usdoj.gov

    Counsel for Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

EMAJO MAYBERRY and      )
CAROL A. CLOPTON,          )
         Plaintiffs,        )
                             )
       v.                 )     Case No. 06-CV-2575-CM-DJW
                             )
STEPHEN L. JOHNSON,      )
ADMINISTRATOR OF         )
ENVIRONMENTAL PROTECTION   )
AGENCY                   )
         Defendant.       )

## AGREEMENT TO ABIDE BY PROTECTIVE ORDER

        I _____, hereby acknowledge that I have read and understood

the terms of the Stipulated Protective Order that was entered on _____, ____, 2008, by

the United States District Court for the District of Kansas in the above-captioned case.  By affixing

my signature below, I agree to be bound by the terms of the Stipulated Protective Order, and I agree

that I shall not disclose, either orally or in writing, the protected information disclosed to me by the

parties and/or their attorneys to any other third party without the express written consent of the party

and/or their attorney about whom the protected information has been disclosed.

        I further agree not to make or retain copies of the protected information disclosed to me by

the parties and/or their attorneys, and upon written notification by the attorneys for the parties that

the case has been concluded, all copies of files and documents, as well as all notes, memorandum,

summaries, or other documents containing protected information gleaned from the disclosed

documents shall be returned to the party's attorney upon request within 30 days after the request is

made.

_____
Signature

_____
Date

_____
Street Address

_____   _____   _____
City                                    State   ZIP