# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **EMAJO MAYBERRY and** | ) | |
| **CAROL A. CLOPTON,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **No. 06-2575-CM** |
| **STEPHEN L. JOHNSON,** | ) | |
| **ADMINISTRATOR OF** | ) | |
| **ENVIRONMENTAL PROTECTION** | ) | |
| **AGENCY,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## MEMORANDUM AND ORDER

Plaintiffs Emajo Mayberry and Carol A. Clopton bring this action claiming that their employer, the Environmental Protection Agency, committed acts of reprisal and discrimination and subjected plaintiffs to a hostile work environment because they opposed unlawful employment discrimination. Specifically, both plaintiffs claim that defendant failed to promote them in retaliation for their participation in a class action investigation regarding age and race discrimination.[1] Plaintiff Mayberry additionally alleges that defendant retaliated against her on multiple other occasions for her age/race-discrimination-related activities, discriminated against her because of her race, and subjected her to a hostile work environment. The case is pending before the court on Defendant's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment (Doc.

---

[1] Plaintiffs claim that the class action investigation involves both age- and race-based claims. Defendant maintains that it is only age-related. Neither has provided the court with evidence demonstrating which contention is correct. For purposes of this Memorandum and Order, the difference is immaterial, and the court will refer to the class action as pertaining to both age and race discrimination.

26).[2]  In its motion, defendant claims that (1) plaintiffs failed to exhaust their administrative

remedies with respect to several of their claims brought pursuant to Title VII of the Civil Rights Act

of 1964 ("Title VII") and the Age Discrimination in Employment Act ("ADEA"); (2) plaintiff

Mayberry was untimely when she attempted to exhaust her administrative remedies as to some

claims on July 12, 2006; and (3) plaintiffs fail to state a claim under the ADEA and cannot recover

compensatory damages under the ADEA.  For the following reasons, the court grants defendant's

motion in part and denies it in part.

**I.**      **Factual Background**

### The Parties

Plaintiff Clopton, a Caucasian woman over the age of forty, worked as a Program Anaylst at

defendant's Kansas City, Kansas Regional Office from 1985 until she retired on January 3, 2007.

Plaintiff Mayberry, a black woman over the age of forty, has worked as a Program Analyst at

defendant's Kansas City, Kansas Regional Office since 1971.  Both plaintiffs are Class Agents in a

pending age and race discrimination class action case against defendant that has been under

investigation since 2000.

### Procedures for Exhausting Administrative Remedies

Within forty-five days of an alleged unlawful act, an employee must initiate contact with an

Equal Employment Opportunity ("EEO") counselor at defendant's Regional Office to lodge an

informal discrimination complaint.  *See* 29 C.F.R. § 1614.105(a).  Defendant's EEO Counselor then

investigates the complaint to determine whether the parties can informally resolve the matter.  *See*

---

[2]  Defendant's motion appears to be misnamed; although the title indicates that defendant
seeks summary judgment, the content of defendant's motion only requests dismissal pursuant to
Rule 12(b)(1) and 12(b)(6).

*id.* § 1614.105(b)(1).  At the conclusion of the informal phase, the EEO Counselor and the complainant participate in a final interview.  *See id.* § 1614.105(d).  At the final interview, the employee-complainant is notified in writing that she should file a formal discrimination complaint with defendant's Office of Civil Rights ("OCR") in Washington, D.C. within fifteen days of receiving a Notice of Final Interview.  *Id.* § 1614.106(b).

### Failure to Promote Claims

Both plaintiffs allege that defendant retaliated against them when they encountered problems with defendant's online EZHire application system.  As a result of problems plaintiffs had with the system, plaintiffs allege defendant denied each of them a job promotion in retaliation for their participation as Class Agents in the pending class investigation.  Plaintiff Mayberry also claims that defendant denied her a promotion for racially-discriminatory reasons.  On December 8, 2005, plaintiffs, as Class Agents, filed a Second Motion to Amend The Class Complaint ("Motion to Amend") in the pending class action case against defendant.  Among other claims, the Motion to Amend sought to add claims that defendant failed to promote plaintiffs.  The Administrative Judge ("AJ") denied the Motion to Amend on December 13, 2005.  Neither plaintiff contacted an EEO Counselor about her alleged discriminatory and/or retaliatory failure to promote claims at any time.

### Plaintiff Mayberry's August 10, 2005 and October-November 2005 Claims

Plaintiff Mayberry filed an informal charge of discrimination at defendant's Regional Office on August 18, 2005, seeking relief for allegations of discriminatory and retaliatory incidents that occurred on August 10, 2005.  The bases for plaintiff Mayberry's August 18, 2005 informal charges were race discrimination and retaliation for filing a previous EEO complaint.  She then added two additional informal complaints of discrimination on November 2, 2005 for events occurring on October 20, 2005 and November 1, 2005.

Plaintiff Mayberry met with Edie Stevens Breckon, defendant's EEO counselor, on November 23, 2005.  During the meeting, plaintiff Mayberry signed a Notice of Final Interview, acknowledging that she had fifteen days to file her formal discrimination complaint with defendant's OCR.  Additionally, during the November 23 meeting, plaintiff Mayberry also signed a Notice of Rights and Responsibilities, which again informed plaintiff Mayberry of her right to file a formal discrimination complaint with defendant's OCR within fifteen days of her Notice of Final Interview.

Plaintiff Mayberry did not file a formal discrimination complaint with defendant's OCR within fifteen days of receiving her November 23, 2005 Notice of Final Interview.  Rather, on December 8, 2005, both plaintiffs filed the Motion to Amend referenced above in the pending class action case.  The Motion to Amend sought to add plaintiff Mayberry's individual claims of race discrimination, harassment, and reprisal to the pending age and race class-action investigation that was taking place at the administrative level.  The AJ's denial order stated, "[T]hese claims would be more appropriately processed as individual claim of retaliation by the Agency."

### Plaintiff Mayberry's July 12, 2006 Letter and May 31, 2006 Claim

Plaintiff Mayberry sent a letter to defendant's OCR on July 12, 2006.  The letter alleged discriminatory and retaliatory conduct occurring on May 31, 2006.  Plaintiff Mayberry did not make an informal complaint at defendant's Regional Office regarding the May 31, 2006 events; rather, in the letter, she stated that she wanted to amend her "pending charges" to include the May 31 events, as they were a continuation of the earlier violations addressed in the December 8, 2005 Motion to Amend.  Defendant's OCR logged plaintiff Mayberry's July 12, 2006 letter in its system as a formal complaint regarding the August and October-November 2005 events.  The OCR declared it untimely and dismissed it on September 29, 2006.

### Plaintiff Mayberry's October-November 2006 Claims

Plaintiff Mayberry initiated informal contact with an EEO Counselor on November 26, 2006. Plaintiff Mayberry alleged that defendant retaliated against her, discriminated against her, and subjected her to a hostile work environment between October 12, 2006 and November 13, 2006 because she had exercised her rights under Title VII and the ADEA.  On January 17, 2007, plaintiff Mayberry met with Kathy Robinson, defendant's EEO Counselor, regarding the November 26, 2006 informal complaint.  During that meeting, plaintiff Mayberry signed her Notice of Final Interview, acknowledging that she had fifteen days to file her formal discrimination complaint with defendant's OCR in Washington, D.C.

Plaintiff Mayberry did not file a formal discrimination complaint with defendant's OCR after she received her January 17, 2007 Notice of Final Interview.  Rather, she provided the EEOC with thirty days' notice of intent to add a third set of charges to the instant civil action.  On March 7, 2007, the EEOC issued a letter notifying plaintiff Mayberry that she could file an ADEA action.

### Plaintiff Mayberry's February-March 2007 Claims

Plaintiff Mayberry initiated contact with an EEO Counselor on or about April 2, 2007, seeking relief for Title VII and ADEA violations which allegedly occurred from February 16, 2007 through March 1, 2007.  Plaintiff Mayberry sent a letter to Ms. Robinson, clarifying that she was not pursuing the administrative process, but as discussed during the interview, intended to proceed directly to court under the ADEA.  Ms. Robinson then closed plaintiff Mayberry's Title VII investigation for the February-March 2007 incidents because plaintiff Mayberry failed to pursue her Title VII claims through the administrative process.

**II.** **Discussion**

**A.** **Administrative Exhaustion**

Plaintiffs bear the burden of establishing that they administratively exhausted their claims

before the court can exercise jurisdiction over the claims. *See Showalter v. Weinstein*, No. 05-1247, 2007 WL 1241630, at *4 (10th Cir. Apr. 30, 2007) (citations omitted). The exhaustion requirement applies to both Title VII and ADEA claims. *See Shikles v. Sprint/United Mgmt. Co.*, 426 F.3d 1304, 1309–10 (10th Cir. 2005). Here, for plaintiffs' Title VII claims, full exhaustion requires that they file an informal complaint with an EEO counselor and a formal complaint with the OCR. For plaintiffs' ADEA claims, plaintiffs may file suit instead of filing a formal complaint, as long as they give thirty days' notice to the EEOC. 29 C.F.R. § 1614.201(a).

The court examines whether plaintiffs exhausted their administrative remedies under Fed. R. Civ. P. 12(b)(1). But if the question is whether plaintiffs *timely* exhausted their remedies, the issue is governed by the standards of Rule 12(b)(6) because untimely, but otherwise proper, exhaustion does not deprive the court of jurisdiction over a claim. *See Zipes v. Trans World Airlines*, 455 U.S. 385, 393 (1982).

**1.    *August, October-November 2005 Title VII and ADEA Claims***

<u>a.</u>    <u>December 8, 2005 Motion to Amend</u>

The point of contention with respect to plaintiff Mayberry's August 2005 claim and October-November claims is whether her December 8, 2005 attempted amendment of her administrative action, once denied by the AJ, automatically operated as a formal complaint under defendant's administrative processes. Plaintiff Mayberry contends that it did. In support, she cites the <u>Handbook for Administrative Judges</u>, which provides:

> If the Administrative Judge concludes that the new claim is not like or related to any claims pending in the complaint, he/she should deny the motion and order the agency to commence processing the new claim as a separate EEO complaint. The order should instruct the agency that the filing date of the motion to amend the complaint is the date to be used to determine if initial EEO counselor contact was timely under 29 C.F.R. § 1614.105(a).

Moreover, plaintiff Mayberry claims that the following sentence in the AJ's order directed defendant to process her Motion to Amend as a formal complaint: "[T]hese claims would be more appropriately processed as individual claim[s] of retaliation by the Agency."  When the OCR did not automatically process her attempted amendment as a formal complaint within 180 days of December 8, 2005, plaintiff Mayberry argues, she became authorized to file a civil complaint because the OCR failed to take final action.  *See* 29 C.F.R. § 1614.407.

Defendant maintains that the OCR in Washington, D.C., did not receive notice of the Motion to Amend or the AJ's order denying it until plaintiff's counsel wrote a letter on July 12, 2006. Indeed, both the Motion to Amend and the order denying it were sent to defendant's Kansas City, Kansas office—not the OCR in Washington, D.C.  Absent a formal complaint sent to the OCR within fifteen days of the Notice of Final Interview, plaintiff Mayberry did not exhaust her administrative remedies.

The court determines that plaintiff Mayberry did not fully exhaust regarding her August and October-November 2005 claims.  Although the AJ's Handbook may instruct AJs that they "should deny the motion and order the agency to commence processing the new claim as a separate EEO complaint," the Handbook does not speak in terms of mandatory action, such as "must" or "shall." And to the extent that the Handbook governs the actions of anyone, it governs the actions of the AJ, not defendant or its OCR.  If the AJ had, in fact, ordered defendant to process the claim, the result here might be different.  But the court does not find that the AJ's words, "these claims would be more appropriately processed as individual claim[s] of retaliation by the Agency," ordered defendant or its OCR to take any action at all.

Alternatively, plaintiff Mayberry argues that defendant's November 23, 2005 Notice of Final Interview was ineffective to start the time to file a formal complaint because the EEO Counselor did

not send the Notice to plaintiff Mayberry's counsel. *See* 29 C.F.R. § 1614.605(d) ("Unless the complainant states otherwise in writing, after the agency has received written notice of the name, address and telephone number of a representative for the complainant, all official correspondence shall be with the representative with copies to the complainant.  When the complainant designates an attorney as representative, service of all official correspondence shall be made on the attorney and the complainant, but time frames for receipt of materials shall be computed from the time of receipt by the attorney.").  Plaintiff's argument fails.  Although the regulations require EEO Counselors to send correspondence to a representative, the requirement applies only if they have the representative's name, address, and phone number.  *See id.*  Plaintiff Mayberry only provided her representative's name.

b.      July 12, 2006 Letter

The next question then becomes whether the July 12, 2006 letter served as an untimely formal charge regarding the August and October-November 2005 claims.  If a charge is untimely, then the court may apply equitable tolling.

Although defendant characterizes the letter as a late formal charge (as the OCR did when it received the letter), plaintiffs dispute that the letter was a formal complaint at all; in their brief, they state:

> Defendant attempts to mislead the Court by inaccurately characterizing the July 12, 2006 charges as being a formal complaint to the August through November 2005 charges.  Defendant of course omits that the charges addressed in the administrative counseling concluded on November 23, 2005 were timely presented to EPA on December 8, 2005.

(Doc. 30, at 16.)  As a result of taking this position, plaintiffs have elected not to offer any reasons that the court should consider an untimely charge.  In fact, plaintiffs state in their brief, "The EPA attempts to mask its failures to comply with the EEOC regulations by making *inapplicable*

*strawman arguments which Plaintiffs never made for equitable tolling.*" (Doc. 30, at 14 (emphasis added).)  The court therefore determines that equity does not require that the court consider the July 12, 2006 letter as a formal charge that was merely filed late.

c.      Failure to Promote Claims

Defendant contends that plaintiffs never made any effort to administratively exhaust their claims that defendant failed to promote them for illegal reasons.  In support of its contention, defendant offers an affidavit signed by Naima Halim-Chestnut, an EEO Officer for defendant who has access to all applicable informal complaint files.  Ms. Halim-Chestnut stated that plaintiff Clopton has not filed an informal complaint since 2001.  She further stated that plaintiff Mayberry has never filed an informal complaint based upon a failure to promote.  Plaintiffs respond that they "properly and timely brought their charges for reprisals concerning their mistreatment during the promotion process as an amendment to the pending administrative class action." (Doc. 30, at 4.)

Plaintiffs' position is misguided.  For the reasons laid out above, the attempted amendment did not constitute a formal complaint.  Nor did it constitute an informal complaint.  Because plaintiffs never properly presented their failure to promote claims to defendant for investigation, they are not now entitled to present them to this court.  The court lacks jurisdiction over plaintiffs' claims for failure to promote.

**2.      May 31, 2006 Title VII and ADEA Claims**

On July 12, 2006, plaintiff Mayberry's counsel wrote the OCR to inquire about the claims that he contended had been remanded to the agency for processing on December 13, 2006.  The letter also purported to amend the prior claims to add new claims of reprisal that occurred on May 31, 2006.  But the letter was inadequate to exhaust plaintiff Mayberry's administrative remedies for two reasons: (1) there were no pending claims to which to add the May 31, 2006 claim; and (2) in

any event, by sending the claim to the OCR, plaintiff Mayberry skipped the first required step of exhaustion—to present an informal complaint to an EEO Counselor.

**3.**     ***October-November 2006 Title VII and ADEA Claims***

With respect to her October-November 2006 Title VII and ADEA claims, plaintiff Mayberry filed an informal complaint on November 26, 2006.  She received a Notice of Final Interview on January 17, 2007, and sent a thirty-day notice to the EEOC on that same day.  Plaintiff Mayberry's notice was sufficient for her ADEA claims.  But it was insufficient to complete exhaustion with respect to her Title VII claims.  Plaintiff Mayberry's October-November 2006 Title VII claims are dismissed.

**4.**     ***February-March 2007 Title VII and ADEA Claims***

On April 2, 2007, plaintiff Mayberry made an informal complaint about Title VII and ADEA claims arising in February through March 2007.  On June 1, 2007, she told defendant that she would proceed directly to court, and on June 13, 2007, she notified the EEOC that she intended to file an ADEA action.  Again, while the notice was sufficient to preserve plaintiff Mayberry's February-March 2007 ADEA claims, it did not complete her exhaustion with respect to her Title VII claims. Plaintiff Mayberry's February-March 2007 Title VII claims are dismissed.

**B.**     **Plaintiff Mayberry's Remaining ADEA Claims**

**1.**     ***Failure to State a Claim***

Defendant claims that plaintiff Mayberry's remaining ADEA retaliation allegations fail to state a claim because they are based solely on acts that plaintiff Mayberry also claims constitute race discrimination and hostile work environment.  According to defendant, plaintiff Mayberry is merely trying to save her unexhausted Title VII claims by labeling them as ADEA claims.

At this stage of the proceedings, the court is unwilling to dismiss plaintiff Mayberry's

-10-

remaining ADEA retaliation claims based on the allegations in the complaint.  Plaintiff Mayberry may ultimately be unable to prove that defendant retaliated against her based on her ADEA-related activities, but the court is unable to make that finding at this time.  Defendant's motion is denied without prejudice on this issue.

**2.     *Compensatory Damages***

Defendant argues that even if the court permits plaintiff Mayberry to proceed with her ADEA retaliation claims, the ADEA does not permit a separate recovery of compensatory damages for pain and suffering or emotional distress.  Defendant is correct.  *See C.I.R. v. Schleier*, 515 U.S. 323, 326 (1995).  The ADEA limits federal employees' recovery to lost wages and reinstatement where appropriate.  *See Villescas v. Abraham*, 311 F.3d 1253, 1257–59 (10th Cir. 2002); *Smith v. Office of Personnel Mgmt.*, 778 F.2d 258, 260–62 (5th Cir. 1985).  Plaintiff Mayberry does not appear to disagree; she argues only that nothing prohibits her from pursuing compensatory damages under Title VII.  The court grants this portion of defendant's motion.

**C.     Conclusion**

For the reasons set forth above, the court dismisses all of plaintiff Clopton's claims for failure to exhaust.  The court dismisses all of plaintiff Mayberry's Title VII claims for failure to exhaust.  The only claims remaining are plaintiff Mayberry's ADEA retaliation claims arising in October-November 2006 and February-March 2007.

In reaching this decision, the court reviewed the briefs of the parties at length.  The court understands that plaintiffs are frustrated with the treatment they allege that defendant has subjected them to.  But the tone of plaintiffs' brief is unnecessarily harsh and accusatory.  The brief borders, if not exceeds, the boundaries of advocacy by making numerous unsubstantiated allegations of

misconduct against defendant and defense counsel.[3]   The court expects attorneys practicing before it to treat each other with respect and to maintain proper decorum when addressing the court.  While the court encourages attorneys to draft briefs and arguments with persuasive advocacy for their clients, the court will not condone repeated jabs at the character of an opponent.  The court trusts that future papers filed in this case will comply with these guidelines.

## III.   Plaintiffs' Motion for Reconsideration (Doc. 43)

Also pending before the court is Plaintiffs' Motion for Reconsideration (Doc. 43).  In this motion, plaintiffs ask the court to reconsider the magistrate judge's order staying proceedings pending this court's resolution of defendant's motion to dismiss or for summary judgment (Doc. 26). In light of the court's ruling here, it is no longer necessary to review the magistrate judge's order staying proceedings.  With the entry of this Memorandum and Order, the stay is hereby lifted. Plaintiffs' motion is therefore denied as moot.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment (Doc. 26) is granted in part and denied in part.  The court dismisses all of plaintiff Clopton's claims for failure to exhaust.  The court dismisses all of plaintiff Mayberry's Title VII claims for failure to exhaust.  The only claims remaining are plaintiff Mayberry's ADEA retaliation claims arising in October-November 2006 and February-March 2007.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Reconsideration of the order staying proceedings until the court ruled on the motion to dismiss (Doc. 43) is denied as moot.

---

[3]  To name a few, plaintiff accuses defendant of fraud, fabrication, and deliberate dishonesty. (Doc. 32, at 7, 12, and 16).  These are serious allegations, and the court does not expect such allegations to be made lightly and without substantiation.

-12-

Dated this 18th day of September 2008, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**