IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **EMAJO MAYBERRY and** <br> **CAROL A. CLOPTON,** <br><br> Plaintiffs, <br><br> v. <br><br> **STEPHEN L. JOHNSON,** <br> **ADMINISTRATOR OF** <br> **ENVIRONMENTAL PROTECTION** <br> **AGENCY,** <br><br> **Defendant.** | No. 06-2575-CM |

## MEMORANDUM AND ORDER

Plaintiffs Emajo Mayberry ("Mayberry") and Carol A. Clopton ("Clopton") bring this action claiming that their employer, the Environmental Protection Agency, committed acts of reprisal and discrimination and subjected plaintiffs to a hostile work environment because they opposed unlawful employment discrimination. Specifically, both plaintiffs claim that defendant failed to promote them in retaliation for their participation in a class action investigation regarding age and race discrimination. On September 18, 2008, the court dismissed (1) all of plaintiff Clopton's claims for failure to exhaust and (2) all of plaintiff Mayberry's Title VII claims for failure to exhaust. The only claims remaining are plaintiff Mayberry's ADEA retaliation claims arising in October-November 2006 and February-March 2007. This matter is before the court on plaintiffs' Motion for Certification For Appeal and Stay (Doc. 58), in which plaintiffs request that the court certify an interlocutory appeal of the court's September 18, 2008 Memorandum and Order (Doc. 50) under Fed. R. Civ. P. 54(b) and 28 U.S.C. § 1292(b).

**I.      Federal Rule Civil Procedure 54(b)**

Rule 54(b) provides that when multiple claims or parties are involved in an action, "the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." Fed. R. Civ. P. 54(b). Because "sound judicial administration does not require that Rule 54(b) requests be granted routinely," the power to grant such a request rests with the sole discretion of a district court. *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 10 (1980).

In analyzing a Rule 54(b) motion, the court considers "whether the claims under review [are] separable from the others remaining to be adjudicated and whether the nature of the claims already determined [are] such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Stockman's Water Co. v. Vaca Partners, L.P.*, 425 F.3d 1263, 1265 (10th Cir. 2005) (citation and internal quotation marks omitted). If the court determines that certification is appropriate, it must make two express findings: (1) that the judgment is final, and (2) that there is no just reason for delay of entry of judgment. *Id.* (citations omitted).

"The court's disposition must have been a "'judgment' in the sense that it is a decision upon a cognizable claim for relief, and it must be 'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" *Curtiss-Wright Corp.*, 446 U.S. at 7 (citation omitted). The court finds that its September 18, 2008 Memorandum and Order constitutes a "final judgment" for purposes of Rule 54(b) because it was an ultimate disposition of (1) all of plaintiff Clopton's claims; (2) all of plaintiff Mayberry's Title VII claims; and (3) all of plaintiff Mayberry's ADEA claims except the retaliation claims arising in October-November 2006

and February-March 2007. These claims are separable from the remaining claims—plaintiff Mayberry's remaining ADEA claims. While some of the claims involve the same statutes as the remaining claims, the claims are fact-specific. Furthermore, the claims are such that it is unlikely that the Tenth Circuit would have to decide the same issues more than once if there were a subsequent appeal regarding the remaining claims.

After determining finality, the court must examine whether there is any just reason for delay. Fed. R. Civ. P. 54(b); *Curtiss-Wright Corp.*, 446 U.S. at 8. "In deciding whether there are no just reasons to delay the appeal of individual final judgments . . . a district court must take into account judicial administrative interests as well as the equities involved. Consideration of the former is necessary to assure that application of the Rule effectively 'preserves the historic federal policy against piecemeal appeals.'" *Curtiss-Wright Corp.*, 446 U.S. at 8 (citation omitted). Here, there is no indication that entering a final judgment on the court's September 18, 2008 Memorandum and Order would facilitate piecemeal appeals in this instance. Additionally, an immediate appeal of the court's September 18, 2008 Memorandum and Order and stay of this proceeding will facilitate judicial economy by preventing separate litigation of the remaining claims. Furthermore, the parties agree that certification under Rule 54(b) is appropriate and will avoid wasting time and judicial resources. The court finds no just reason for delaying an appeal on the claims dismissed in the court's September 18, 2008 Memorandum and Order. A Rule 54(b) certificate is appropriate, and the parties may proceed with the appellate process.

Because the court has certified the appeal under Rule 54(b), it is unnecessary for the court to consider the propriety of an appeal under 28 U.S.C. § 1292. *See TBG Inc. v. Bendis*, 811 F. Supp. 596, 608 (D. Kan. 1992) (holding certification under 28 U.S.C. § 1292 is unnecessary when an order is appealable under Rule 54(b)). The Advisory Committee's Note accompanying the Amendments

to Rule 54(b), adopted April 17, 1961, also indicates that additional analysis is unnecessary:

> There has been some recent indication that interlocutory appeal under the provisions of 28 U.S.C. § 1292(b), added in 1958, may now be available for the multiple-parties cases here considered.  See *Jaftex Corp. v. Randolph Mills, Inc.*, 282 F.2d 508 (2d Cir. 1960).  The Rule 54(b) procedure seems preferable for those cases, and § 1292(b) should be held inapplicable to them when the rule is enlarged as here proposed.  See *Luckenbach Steamship Co., Inc. v. H. Muehlstein & Co., Inc.*, 280 F.2d 755, 757 (2d Cir. 1960); 1 Barron & Holtzoff, [Federal Practice & Procedure] § 58.1, p. 321 (Wright ed. 1960).

In light of the court's ruling, this case is stayed pending resolution of an interlocutory appeal. Because this case is stayed, defendant's Motion to Strike Plaintiff's Demand for a Jury Trial on Her Retaliation Claims under the Age Discrimination in Employment Act (ADEA) (Doc. 52) is denied without prejudice.  Defendant may re-file the motion once the stay is lifted.

**IT IS THEREFORE ORDERED** that plaintiff's Motion for Certification For Appeal and Stay (Doc. 58) is granted.  The court certifies the appeal pursuant to Fed. R. Civ. P. 54(b).

**IT IS FURTHER ORDERED** that proceedings in this case are stayed pending resolution of an interlocutory appeal.

Dated this 23rd day of January 2009, at Kansas City, Kansas.

> **s/ Carlos Murguia**
> **CARLOS MURGUIA**
> **United States District Judge**